JOHN T. R. BROWN v. PETER VANDERMEULEN ET AL.

*Receiver—Interlocutory order.*

An order appointing a receiver to take possession of securities claimed by a trustee, but the right to which is disputed, is interlocutory and not appealable.

Insolvency of a trustee or receiver may be sufficient reason for superseding him.

MOTION to dismiss appeal from an order appointing a receiver.   Submitted and granted October 7.

*W. M. Lillibridge* and *C. I. Walker* for the motion.

*John R. Foster* and *A. Russell* against.

Complainant Brown, as assignee of Huff & Vandermeulen and of Vandermeulen himself, filed a bill to set

aside certain conveyances said to have been made by Vandermeulen to his wife Mary, on the ground that they were fraudulent as against creditors, and to have certain securities owned by her set aside as held in fraud of creditors. Defendant Brown, being in possession of these securities as Mrs. Vandermeulen's agent, is brought in as defendant in order that he may be enjoined from delivering them. to her. He admits that his only interest in the possession of the papers is by way of a lien for compensation for his services as agent, and he offered to submit the matter to the court. On an *ex parte* application early in the case he was ordered to hold the securities subject to the order of the court.

On motion of Mrs. Vandermeulen an order was afterwards made appointing a receiver to take custody of the papers during the pendency of suit, and an appeal has been taken from the order. Defendants move to dismiss the appeal on the ground that the order is not appealable.

PER CURIAM. The order falls within the ordinary powers of a court to take possession of a fund in controversy, especially where it is claimed by a trustee who has no personal interest. Complainant could not be injured by the appointment of a receiver; it is the purpose of his bill to reach the securities. Robert Brown is only interested in his claim for money due for services, and this would not suffer from putting the property into the court's hands. By the order obtained by complainant and himself, which authorized him to continue his possession in an early stage of the cause, he was practically acting as receiver himself, and the appointment of another is not much more than a change of receiver. His alleged insolvency, on which the court below had a right to act, would of itself be a sufficient reason for taking the trust out of his hands, if the fact was established. The order being interlocutory and discretionary, is not appealable.

Appeal dismissed with costs of the motion.